ADOLF BRAUER, PLAINTIFF IN ERROR, v. LORENZO LUNTZER, DEFENDANT IN ERROR.

1. County Courts: JURISDICTION. County courts have jurisdiction of actions to recover damages for assault and battery, where the amount sought to be recovered does not exceed $500.00.

2. ——: ——: SUMMONS. If the amount claimed does not exceed $100.00, a summons should be issued and served in the same manner as in cases commenced before a justice of the peace.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Burr & Marshall,* for plaintiff in error.

*J. C. Johnston,* for defendant in error.

MAXWELL, J.

On the first day of June, 1881, Luntzer filed a bill of particulars in the county court of Lancaster county, claiming damages therein against Brauer, for the sum of $100.00, for injuries sustained from an assault and battery. A summons was issued and served on that day on Brauer, requiring him to appear on the 4th day of June, 1881, at 9 o'clock A. M. Brauer failed to appear at the trial, and judgment was rendered against him for the sum of $75.00. He then took the case on error to the district court, where the judgment was affirmed. He now brings the cause into this court by petition in error. The errors assigned are: *First.* That the court had no jurisdiction. *Second.* That no proper notice by summons was given as required by law.

The questions presented are to be determined by the construction to be given the several sections of " An act concerning the organization, forms, and jurisdiction of probate courts," which took effect March 3, 1873. [Comp. Stat., Chap. 20.]

Section 1 provides: " That there is hereby established, in each organized county in this state, a probate court, which shall be held at the county seat by the probate judge of such county, and shall be a court of record. Such court shall be deemed to be always open, and any cause, matter, or proceeding may be proceeded with therein at any time after the giving of notice or service of process in the mode prescribed by law. And the proceedings and determinations of such court heretofore had or made in any cause, matter, or proceeding, at any time other than at a regular term of such court, as heretofore prescribed by law, shall be as valid and effectual, for all purposes, as if had or made at such regular term."

Section 2 provides that: " Probate judges in their respective counties shall have and exercise the ordinary powers and jurisdiction of a justice of the peace; and shall,

in civil cases, have concurrent jurisdiction with the district court, in all civil cases, in any sum not exceeding five hundred dollars, exclusive of costs; and in actions of replevin, where the appraised value of the property does not exceed that sum, and the provisions of the code of civil procedure, relative to justices of the peace, shall, where no special provision is made by this subdivision, apply to the proceedings in all civil actions prosecuted before said probate judges; *Provided,* That probate courts shall not have jurisdiction: I. In any action for malicious prosecution. II. In any action against officers for misconduct in office, except where like proceedings can be had before justices of the peace. III. In actions. for slander and libel. IV. In actions upon contracts for the sale of real estate. V. In any matter wherein the title or boundaries of land may be in dispute, nor to. order or decree the sale or partition or (of) real estate."

Section 8 provides that: "In all cases commenced in said courts, wherein the sum exceeds one hundred dollars, it shall be the duty of the probate judge to issue a summons, returnable on the first day of the next term of court; if there be ten days intervening between the issuance of the summons and the first day of the term, and if not, then to be made returnable on the first day of the. next term thereafter, which summons shall be directed and delivered to the sheriff or any constable of said county, and the sheriff or constable shall serve the same upon the defendant as in other civil cases, at least ten days before the return day thereof. When the summons has not been served ten days before the first day of the term, the cause shall stand continued until the next regular term of said court, and shall then stand for trial, without further notice to the defendant."

It will be seen that the county court has jurisdiction in actions to recover damages for assault and battery. And this jurisdiction is not limited to cases where the sum

claimed exceeds $100.00, the language being general and conferring jurisdiction of the subject matter without regard to the amount claimed. Where the sum claimed exceeds $100.00, the bill of particulars must be verified in the same manner as a petition in the district court, and motions and demurrers are allowed, and the rules and practice concerning pleadings and process in the district court, so far as they are applicable, are permitted. But if the sum claimed does not exceed $100.00, the rules of pleading and practice which prevail in justices' courts shall also be rules of the county court.

It is only in cases where the sum claimed exceeds $100.00 that a summons is to be made returnable on the first day of the next or succeeding term. If the sum claimed does not exceed $100.00, then a summons is to be made returnable in the same manner as if issued by a justice of the peace. The cause for this practice is found in the fact that at an early day in the history of this then territory, the legislature conferred on probate judges the ordinary powers and jurisdiction of justices of the peace. This power has been continued, but the legislature in providing for increased jurisdiction only regulated the procedure in cases where the sum claimed exceeds $100.00, no change being made where the sum claimed is $100.00 or less. In this case the sum claimed in the bill of particulars is $100.00. The procedure therefore as to issuing, serving, and returning the summons is the same as in justices' courts. And as the summons contained the proper indorsement, was properly issued and served, the court had jurisdiction of the subject matter, and the parties. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.